UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO: 7:09-CR-00162-BR
NO. 7:12-CV-026-BR

| | | |
|---|---|---|
| JOHN ASHLEY DAVIS, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | |

This matter is before the court on the government's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Petitioner filed a response in opposition to the motion.

By way of background, in May 2010, petitioner was convicted of conspiracy to manufacture, distribute, and possess with the intent to distribute more than 50 grams of a mixture containing a detectable amount of methamphetamine and sentenced to 110 months imprisonment. Petitioner did not appeal. In February 2012, he filed a § 2255 motion. Upon initial review, the court found that his claim for ineffective assistance of counsel at sentencing was not barred by the post-conviction rights waiver in his plea agreement and declined to dismiss that claim. (DE # 112, at 2.) The court did, however, dismiss petitioner's second claim– for violation of his due process rights at sentencing– because such a claim, not being based on ineffective assistance of counsel nor prosecutorial misconduct not known to petitioner at the time of his plea, fell within the scope of the plea agreement's waiver. (Id.) The court directed the United States Attorney to file an answer or other appropriate response to petitioner's first claim. (Id. at 2-3.) In response, the government filed the instant motion. (DE # 113.)

In his remaining claim for relief, petitioner specifically alleges that counsel was ineffective for failing to dispute the relevant conduct "findings," presumably those contained in the presentence report which were used to establish the sentencing guideline range, and that counsel was ineffective for failing to invoke petitioner's right to an evidentiary hearing. (DE # 111, ¶ 12.) The sole basis that the government advances for dismissal is that this claim "is just an indirect way for Petitioner to appeal his sentence," and because petitioner waived the right to appeal in his plea agreement, he has waived this claim. (DE # 114, at 2-3.) The court agrees with the government that in his plea agreement, petitioner waived the right to appeal his sentence, including issues relating to the establishment of the advisory guideline range. However, this sentence appeal waiver does not bar a claim of ineffective assistance of counsel in connection with sentencing because the waiver expressly *excludes* claims of ineffective assistance of counsel. See United States v. Ezzell, No. 07-0385-WS-M, 2009 WL 4016457, at *2-4 (S.D. Ala. Nov. 19, 2009) (denying the government's motion to dismiss a § 2255 motion alleging claims of ineffective assistance of counsel at sentencing because a provision in the plea agreement reserved the petitioner's right to assert ineffective assistance claims, notwithstanding the sentence appeal waiver). Accordingly, the court stands by its prior ruling that petitioner's first claim does not fall within the scope of the waiver.

The government's motion to dismiss is DENIED. All potentially dispositive motions shall be filed on or before 19 October 2012.

This 19 July 2012.

_____
W. Earl Britt
Senior U.S. District Judge

2